**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WANDA SATTERTHWAITE, RYMIR SATTERTHWAITE, and LILLIE COLEY,  Plaintiffs,  v.  NEW JERSEY SUPERIOR COURT FAMILY PART CAMDEN, et al.,  Defendants. | 1:16-cv-06964-NLH-JS  **ORDER** |

**APPEARANCES**:

WANDA SATTERTHWAITE
378 MILNE STREET
PHILADELPHIA, PA 19144
    Appearing *pro se*

RYMIR SATTERTHWAITE
630 ERIAL ROAD
BLACKWOOD, NJ 08012
    Appearing *pro se*

LILLIE COLEY
630 ERIAL ROAD
BLACKWOOD, NJ 08012
    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, on October 11, 2016, Plaintiffs, Wanda Satterthwaite, Rymir Satterthwaite, and Lillie Coley, who are appearing *pro se*, filed their complaint[1], along with an

---

[1] Plaintiffs also asked that the entire matter be filed under seal. Even though litigants have an interest in privacy, the common law right of public access to judicial proceedings and judicial records is beyond dispute, and this right of "access

application to proceed without prepayment of fees ("IFP application") by Wanda Satterthwaite[2]; and

WHEREAS, on April 10, 2017, Plaintiffs filed a motion to withdraw their complaint (Docket No. 8); and

WHEREAS, Federal Civil Procedure Rule 41(a) provides the a plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared; and

WHEREAS, Plaintiffs filed their request to withdraw their complaint prior to the appearance of by any defendant[3], and they

---

antedates the Constitution, and its purpose is to promote public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." LEAP Systems, Inc. v. MoneyTrax, Inc., 638 F.3d 216, 220 (3d Cir. 2011) (quotations and citation omitted). Plaintiffs have not provided the appropriate authority or justification for why their case should be sealed. Accordingly, the Court will order that the matter be unsealed.

[2] Where multiple co-plaintiffs seek to proceed *in forma pauperis*, each must submit a complete application. Thomas v. Johnson, 2013 WL 557218, at *5 (D.N.J. 2013) (Hagan v. Rogers, 570 F.3d 146, 155 (3d Cir. 2009)). Because Plaintiffs have asked to voluntarily dismiss their case, the Court will not review Wanda Satterthwaite's IFP application, or require the two other plaintiffs to file IFP applications.

[3] It appears that Defendants signed waiver of service forms on March 10, 2017, Plaintiffs filed the waiver of service forms on April 4, 2017, and Defendants' counsel did not enter their appearance until May 30, 2017.

may therefore dismiss their action without leave of the Court; and

    WHEREAS, on June 6, 2017, Plaintiffs filed a motion to amend/correct their complaint (Docket No. 13) in the event that the Court denied their motion to withdraw their complaint;

    THEREFORE,

    IT IS on this ___27th___ day of __November__, 2017

    ORDERED that the Clerk shall unseal this action; and it is further

    ORDERED that the Court construes Plaintiffs' motion to withdraw their complaint as a notice of dismissal pursuant to Fed. R. Civ. P. 41(a); and it is further

    ORDERED that Plaintiffs' motions [8, 12] be, and the same hereby are, DENIED AS MOOT; and it is finally

    ORDERED that the Clerk shall mark this matter as CLOSED.

At Camden, New Jersey             _s/ Noel L. Hillman_
                                              NOEL L. HILLMAN, U.S.D.J.